UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAURICE VAN THROWER,

      Petitioner,

 v.

RONALD HAYNES,

      Respondent.

Case No. C18-1785-RAJ-MAT

ORDER DIRECTING RESPONDENT
TO FILE SUPPLEMENTAL ANSWER

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Maurice Thrower seeks to challenge in this action his 2013 King County Superior Court convictions on two counts of child molestation in the first degree. (Dkt. 5.) Respondent filed an answer to the petition on March 20, 2019 in which he argued that petitioner's federal habeas petition was barred by the statute of limitations, 28 U.S.C. § 2244(d), and should therefore be denied with prejudice. (Dkt. 13.) Petitioner filed a response to respondent's answer on April 8, 2019 in which he argues that he is entitled to equitable tolling of the limitations period. (Dkt. 15.) Respondent, in a reply brief filed on April 11, 2019, concedes that equitable tolling is appropriate in this case and that petitioner's petition should therefore be deemed timely. (Dkt. 16.)

Pursuant to § 2244(d)(1), a one-year period of limitation applies to an application for a writ

ORDER DIRECTING RESPONDENT TO
FILE A SUPPLEMENTAL ANSWER - 1

of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). The statute of limitations is also subject to equitable tolling in appropriate cases.[1] *Holland v. Florida*, 560 U.S. 631 (2010).

The parties in this case agree that petitioner's conviction became final on or about March 1, 2016, 90 days after the Washington Supreme Court denied petitioner's petition for review on direct appeal. The parties also agree that the statute of limitations then ran for 279 days until petitioner filed his personal restraint petition in the Washington Court of Appeals on December 6, 2016. Respondent argued in his answer to petitioner's federal habeas petition that the statute of limitations was then tolled, in accordance with § 2244(d)(2), until July 10, 2018 when the Washington Supreme Court Commissioner issued a ruling denying review in petitioner's personal restraint proceedings. (*See* Dkt. 13.) Respondent further argued that following issuance of the Commissioner's ruling, another 153 days passed before petitioner filed his federal habeas petition on December 11, 2018, thus rendering the petition untimely because a total of 432 days elapsed between the date petitioner's conviction became final and the date he filed his federal habeas petition.

Petitioner, in his response to respondent's answer, argues that he is entitled to equitable

---

[1] In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)).

ORDER DIRECTING RESPONDENT TO
FILE A SUPPLEMENTAL ANSWER - 2

tolling of the limitations period based on events which occurred after July 10, 2018 which were not reflected in respondent's answer. (*See* Dkt. 15.) Specifically, petitioner maintains that after receipt of the Commissioner's ruling deny review, he prepared a motion to modify the Commissioner's ruling and filed it on August 2, 2018 by presenting the document to his prisoner counselor in accordance with Washington Department of Corrections ("DOC") outgoing legal mail policies and procedures. (*Id.*) However, SCCC mail services never mailed the motion, a fact which petitioner claims he did not learn until after receiving respondent's answer to his federal habeas petition on March 25, 2019. (*Id.*) Petitioner submitted in conjunction with his response documentation which appears to confirm that petitioner attempted to mail documents to the Washington Supreme Court on August 2, 2018. (*Id.*, Apps. B, C.)

Respondent, in his reply brief, notes that the state court record contains no record of a motion to modify the Commissioner's ruling and that petitioner's federal habeas petition was therefore filed outside the statute of limitations because it wasn't received until December 2018. (*See* Dkt. 16.) Respondent acknowledges, however, that petitioner has now presented proof that he submitted a timely motion to modify to DOC staff for mailing to the Washington Supreme Court and that DOC staff failed to mail the motion. (*Id.*) Respondent also concedes that he has no evidence to rebut petitioner's assertion that he did not know the motion to modify had not been mailed. (*Id.*) Respondent therefore agrees that under these unique circumstances petitioner should receive equitable tolling for his federal habeas petition at least until he became aware the state court proceedings had ended, which would be no later than the date on which the certificate of finality was issued, October 26, 2018, and that the petition should be deemed timely due to equitable tolling.

This Court has reviewed the state court record submitted by respondent in support of his

ORDER DIRECTING RESPONDENT TO
FILE A SUPPLEMENTAL ANSWER - 3

answer as well as the evidence submitted by petitioner in support of his response to respondent's answer and concurs with the parties that equitable tolling of the limitations period until at least October 26, 2018 is warranted. This renders petitioner's federal habeas petition timely and, thus, it is appropriate now to do as respondent requests and permit him to file a supplemental answer addressing petitioners' petition.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Respondent's original answer (Dkt. 13) is STRICKEN from the Court's motion calendar.

(2) Respondent shall file a supplemental answer addressing petitioner's federal habeas petition not later than *thirty (30) days* from the date on which this Order is filed. As a part of such answer, respondent shall state whether petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. The answer will be treated in accordance with LCR 7(d)(3). Accordingly, on the face of the answer, respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

(3) The Clerk shall send copies of this Order to petitioner, to counsel for respondent, and to the Honorable Richard A. Jones.

DATED this 11th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER DIRECTING RESPONDENT TO
FILE A SUPPLEMENTAL ANSWER - 4